The Full Commission herein found that plaintiff aggravated his preexisting left shoulder condition on November 4, 2000, in the course of his compensable injury by accident. Thus, the temporary total disability due plaintiff is based not only on plaintiff's injury to his left wrist, but also on the injury to his left shoulder. Dr. Ferrero found that plaintiff was at maximum medical improvement with regard to plaintiff's wrist on May 21, 2001; however, Dr. Ferrero did not find plaintiff to be at maximum medical improvement with regard to plaintiff's shoulder.
There is no evidence in the record that plaintiff has attempted to find employment, yet it is likely that plaintiff's shoulder injury will keep him from earning the same wage. The Supreme Court of North Carolina held in Hilliard v. Apex Cabinet Co., 305 N.C. 593, 290 S.E.2d 682, that one of the elements the Industrial Commission must address in determining disability is whether an employee is capable of earning the same wages he had earned before his injury. The only evidence in which to determine plaintiff's wage earning capacity at this time is in regard to plaintiff's wrist, and not his shoulder. Thus, a decision in regard to the impact of plaintiff's shoulder injury on his ability to earn the same wage should be held in abeyance until plaintiff finds employment. At that point, reinstatement of plaintiff's disability benefits can be made if it is shown that plaintiff is unable to earn the same wage as a consequence of his compensable shoulder injury.
For these reasons, I respectfully dissent in part from the Full Commission's Opinion and Award in this matter. Plaintiff's temporary total disability compensation should not be terminated; rather, it should be held in abeyance until plaintiff finds employment, thereby permitting the Commission to make a finding in regard to plaintiff's wage earning capacity based upon the evidence of plaintiff's actual wage earnings at that juncture.
 S/_____________ THOMAS J. BOLCH COMMISSIONER